**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                    :
IN RE:                              :        <u>MEMORANDUM DECISION</u>
                                    :             <u>AND ORDER</u>
TERRORIST ATTACKS ON                :
SEPTEMBER 11, 2001                  :        03 MDL 1570 (GBD) (SN)
                                    :
                                    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

This document relates to:

    *DeRubbio, et al. v. Islamic Republic of Iran*, 18-cv-5306 (GBD) (SN)
    *Agyeman, et al. v. Islamic Republic of Iran*, 18-cv-5320 (GBD) (SN)
    *Morris, et al. v. Islamic Republic of Iran*, 18-cv-5321 (GBD) (SN)
    *Schlissel, et al. v. Islamic Republic of Iran*, 18-cv-5331 (GBD) (SN)
    *Kamardinova, et al. v. Islamic Republic of Iran*, 18-cv-5339 (GBD) (SN)
    *Abel, et al. v. Islamic Republic of Iran*, 18-cv-11837 (GBD) (SN)
    *Kim, et al. v. Islamic Republic of Iran*, 18-cv-11870 (GBD) (SN)
    *Jimenez, et al. v. Islamic Republic of Iran*, 18-cv-11875 (GBD) (SN)
    *Rivelli, et al. v. Islamic Republic of Iran*, 18-cv-11878 (GBD) (SN)
    *Aamoth, et al. v. Islamic Republic of Iran*, 18-cv-12276 (GBD) (SN)
    *Hemenway, et al. v. Islamic Republic of Iran*, 18-cv-12277 (GBD) (SN)
    *Rowenhorst, et al. v. Islamic Republic of Iran*, 18-cv-12387 (GBD) (SN)
    *Bodner, et al. v. Islamic Republic of Iran*, 19-cv-11776 (GBD) (SN)
    *Bernaerts, et al. v. Islamic Republic of Iran*, 19-cv-11865 (GBD) (SN)
    *Aron, et al. v. Islamic Republic of Iran*, 20-cv-9376 (GBD) (SN)
    *Asaro, et al. v. Islamic Republic of Iran*, 20-cv-10460 (GBD) (SN)
    *Amato, et al. v. Islamic Republic of Iran*, 21-cv-10239 (GBD) (SN)
    *King, et al. v. Islamic Republic of Iran*, 22-cv-5193 (GBD) (SN)

GEORGE B. DANIELS, United States District Judge:

    Plaintiffs in the 18 cases listed above move for default judgments against the Islamic

Republic of Iran. (ECF No. 9320.[1]) As non-United States nationals, these Plaintiffs cannot bring

claims against Iran under 28 U.S.C. § 1605A(c) (*see* ECF No. 9666, at 1) and therefore ask this

Court to hold Iran liable under state tort law.

---

[1] Unless otherwise stated, all ECF citations included herein refer to documents filed on the 9/11 multidistrict litigation docket. *See In re Terrorist Attacks on Sept. 11, 2001*, No. 03-md-1570 (GBD) (SN).

## I.    PROCEDURAL HISTORY

This Court assumes familiarity with this multidistrict litigation and summarizes only the procedural history relevant to the instant motion.

Plaintiffs filed complaints alleging Iran's liability for wrongful death, survival, and intentional infliction of emotional distress in these 18 cases.  (*See, e.g.*, No. 18-cv-5306, ECF No. 1, at 4 (referencing *Burnett* complaint at No. 15-cv-9903, ECF No. 53, at 1084 (alleging intentional infliction of emotional distress), 1086–88 (wrongful death and survival causes of action)).) After being properly served with Plaintiffs' complaints, Iran failed to respond or enter its appearance, and the Clerk of Court filed certificates of default.  (*See* ECF No. 9322, at 27–39 (listing relevant docket entries for each case).)  Plaintiffs then filed the instant motion for default judgment.

## II.    PLAINTIFFS' MOTION IS GRANTED IN PART

A court may enter a default judgment against a foreign sovereign if it has jurisdiction and if the "claimant establishes his claim or right to relief by evidence satisfactory to the court." 28 U.S.C. § 1608(e).  This Court previously ruled in this case that it has subject matter and personal jurisdiction when Plaintiffs assert state law claims against Iran and properly effectuate service. (*See* ECF No. 9666, at 2–5; *see also* 28 U.S.C. §§ 1330, 1605B(b), 1608(a).)  All that remains is for the Court to address Iran's liability and the appropriate damages.

### A.    Choice of Law

"Iran is subject to suit for state tort claims."  (ECF No. 9666, at 5.)  Analyzing its liability for state torts requires the Court to first conduct a choice-of-law analysis.  Multidistrict litigation courts apply the choice-of-law rules "that would have been applied by a state court in the jurisdiction in which a case was filed."  *Menowitz v. Brown*, 991 F.2d 36, 40 (2d Cir. 1993).

2

Since all 18 actions were filed in New York, New York's choice-of-law rules govern. Distilled down, those rules essentially prescribe "an evaluation of the 'place of the tort'—*i.e.*, 'the jurisdiction where the "last event necessary" to make the defendant liable occurred.'" (ECF No. 9666, at 7 (internal citation omitted) (quoting *In re Sept. 11th Litig.*, 494 F. Supp. 2d 232, 239 (S.D.N.Y. 2007)).) For these Plaintiffs, the estates of people killed at the World Trade Center and their family members, the relevant events occurred in New York City. This Court therefore analyzes their wrongful death, survival, and intentional infliction of emotional distress claims under New York law. (*See id.* at 7 & n.5.)

**B.    Wrongful Death**

Section 5-4.1 of New York's Estates, Powers, and Trusts Law imposes liability for (1) the "death of a human being" where (2) "a wrongful act, neglect or default . . . caused the decedent's death," (3) the decedent's survivors "suffered pecuniary loss by reason of the decedent's death," and (4) a "personal representative" has been appointed to represent the decedent. *Chamberlain v. City of White Plains*, 986 F. Supp. 2d 363, 398 (S.D.N.Y. 2013).

The Plaintiffs seeking economic damages meet these requirements. First, they assert claims on behalf of people killed in the 9/11 Attacks. (*See, e.g.*, No. 18-cv-5306, ECF No. 1, at 4 (adopting *Burnett* complaint at No. 15-cv-9903, ECF No. 53, at 1086–88 (causes of action for wrongful death and survival)).) Second, as this Court previously determined, Iran's provision of material support to al Qaeda proximately caused the 9/11 Attacks and the decedents' deaths. *See In re Terrorist Attacks on Sept. 11, 2001*, No. 03 MDL 1570 (GBD), 2011 WL 13244047, at *39–42 (S.D.N.Y. Dec. 22, 2011). As Iran's actions support liability for personal injuries (*see* ECF No. 9666, at 8), they satisfy the core requirement that wrongful death claims be predicated on conduct for which the defendant "would have been liable to the decedent . . . if death

3

had not ensued." N.Y. Est. Powers & Trust Law § 5-4.1(1) (McKinney 2023); *see In re Terrorist Attacks of Sept. 11, 2001*, 349 F. Supp. 2d 765, 829 (S.D.N.Y. 2005) (determining that plaintiffs stated New York wrongful death claims where they alleged that the "[d]efendants supported, aided and abetted, or conspired with the September 11 terrorists"). Third, the decedents' survivors suffered pecuniary losses, as detailed in their expert reports. (*See* ECF No. 9321.) And fourth, each of the estates is represented by a personal representative.[2]

These Plaintiffs are therefore entitled to "pecuniary" damages. They have provided expert reports calculating those damages, and this Court has previously awarded economic damages based on such reports. Accordingly, this Court GRANTS their motion in part and awards economic judgments in favor of Plaintiffs as set forth in Exhibit A.[3]

### C.    Survival

Section 11-3.2(b) of New York's Estates, Powers, and Trusts Law preserves causes of action "for injury to [a] person" after the injured person's death. N.Y. Est. Powers & Trust Law § 11-3.2(b) (McKinney 2016). Claims brought under this statute are used in tandem with Section 5-4.1 wrongful death claims and permit estates to recover for "pain and suffering prior to death" due to a "decedent's injuries." *Johnson v. N.Y. State Police*, 659 F. Supp. 3d 237, 261 (S.D.N.Y. 2023).

---

[2] Plaintiffs Tanya Dale and Phillip Davidson, as Co-Personal Representatives of the Estate of Titus Davidson, move for economic and pain and suffering damages in the *Abel* action. However, in the *Agyeman* action, Plaintiff William Davidson brings claims as the Personal Representative of Mr. Davidson's estate. Given the confusion over the identity of Mr. Davidson's personal representative(s), Plaintiffs' motion is DENIED without prejudice as to the economic and pain-and-suffering damages for Mr. Davidson's estate.

[3] Plaintiffs failed to provide an expert report calculating economic damages for 9/11 decedent Luigi Calvi. Therefore, Plaintiffs' motion is DENIED without prejudice as to Plaintiff Christine Brozon, as Personal Representative of the Estate of Luigi Calvi's request for economic damages.

The 9/11 victims' estates have satisfied this theory of liability. The decedents sustained fatal injuries in the attacks on the World Trade Center. As this Court explained in granting a personal injury judgment, Iran is liable for aiding and abetting the assault and battery that produced those injuries. (*See* ECF No. 9666, at 8.) The same facts warrant holding Iran liable for injuries that proved fatal under Section 11-3.2(b).

This Court GRANTS in part Plaintiffs' request for pain and suffering damages.[4] This Court has consistently awarded $2,000,000.00 for pain and suffering to the estates of 9/11 victims and does so again here, as set forth in Exhibit A.

### D.     Intentional Infliction of Emotional Distress

The tort of intentional infliction of emotional distress ("IIED") "has four elements: (i) extreme and outrageous conduct; (ii) intent to cause, or disregard of a substantial probability of causing, severe emotional distress; (iii) a causal connection between the conduct and injury; and (iv) severe emotional distress." *Howell v. N.Y. Post Co.*, 81 N.Y.2d 115, 121 (1993). Liability for intentional infliction of emotional distress extends to those who aid and abet the primary tortfeasor. *See Rich v. Fox News Network, LLC*, No. 18 Civ. 2223 (GBD), 2020 WL 5768430, at *5–6 (S.D.N.Y. Sept. 25, 2020) (analyzing claim for aiding and abetting IIED).

Plaintiffs, whose family members were killed in the 9/11 Attacks, have established Iran's liability for aiding and abetting IIED. Iran aided and abetted al Qaeda by knowingly providing substantial assistance in plotting the 9/11 Attacks. (*See* ECF No. 9666, at 8.) And by carrying out the 9/11 Attacks, al Qaeda committed IIED. In satisfaction of the first two elements, the 9/11

---

[4] Plaintiffs move for pain and suffering damages for Plaintiff BNY Mellon, as Personal Representative of the Estate of Ivhan Luis Bautista. (*See* ECF No. 9323-29.) As Mr. Bautista's estate is not a Plaintiff in the 18 cases captioned above, but rather a Plaintiff in *BNY Mellon, et al. v. Islamic Republic of Iran*, No. 19-cv-11767 (GBD) (SN), the motion is DENIED without prejudice as to Plaintiff BNY Mellon, as Personal Representative of the Estate of Ivhan Luis Bautista.

Attacks, as "[a]cts of terrorism[,] [were] by their very definition extreme and outrageous and intended to cause the highest degree of emotional distress." *Flanagan v. Islamic Republic of Iran*, 87 F. Supp. 3d 93, 115 (D.D.C. 2015). In satisfaction of the final two elements, the 9/11 Attacks killed the Plaintiffs' family members, thereby inflicting extreme emotional distress.

This Court GRANTS in part Plaintiffs' request for compensatory damages for IIED.[5] *See Turley v. ISG Lackawanna, Inc.*, 774 F.3d 140, 146–47 (2d Cir. 2014) (approving compensatory damages for IIED claim). This Court awards damages to family members of 9/11 victims according to an established framework developed for solatium claims. (*See* ECF No. 2623.) As IIED claims are "nearly indistinguishable from" solatium claims, this Court awards damages here pursuant to the same framework, as set forth in Exhibit B. *Fraenkel v. Islamic Republic of Iran*, 892 F.3d 348, 357 (D.C. Cir. 2018) (quoting *Flanagan*, 87 F. Supp. 3d at 115).

### III.   CONCLUSION

Plaintiffs' motion is DENIED in part without prejudice as to Plaintiffs Katherine Collier's, Andrew Morris's, Philip L. Morris's, Rahma Salie's, and Michael Theodoridis's claims for intentional infliction of emotional distress; DENIED in part without prejudice as to Plaintiff Christine Brozon, as Personal Representative of the Estate of Luigi Calvi's request for pecuniary damages; DENIED in part without prejudice as to Plaintiff BNY Mellon, as Personal Representative of the Estate of Ivhan Luis Bautista's request for pain and suffering damages; DENIED without prejudice as to the Estate of Titus Davidson's requests for pain and suffering and economic damages; and GRANTED in part in all other respects. It is

---

[5] Plaintiffs' motion is DENIED without prejudice as to Michael Theodoridis and Rahma Salie. (*See* ECF Nos. 9323-9, ¶ 1; 9323-12, ¶ 1.) Mr. Theodoridis and Ms. Salie, a married couple flying together on American Airlines Flight 11, were killed simultaneously and counsel does not address the impact of this fact on their IIED claims. Plaintiffs' motion is also DENIED without prejudice as to Plaintiffs Philip L. Morris, Andrew Morris, and Katherine Collier, as this Court was unable to find them named as Plaintiffs in their individual capacities.

**ORDERED** that service of process was properly effectuated upon the Islamic Republic of Iran under 28 U.S.C. § 1608; and it is

**ORDERED** that this Court has subject matter and personal jurisdiction over the Plaintiffs' state law claims against the Islamic Republic of Iran under 28 U.S.C. §§ 1330, 1605B; and it is

**ORDERED** that judgments as to liability are entered for the Plaintiffs on their state law claims against the Islamic Republic of Iran as described in this Order; and it is

**ORDERED** that partial final default judgment is entered on behalf of the Plaintiffs identified in Exhibits A and B against the Islamic Republic of Iran; and it is

**ORDERED** that the Plaintiffs identified in Exhibit A are awarded economic damages as set forth therein; and it is

**ORDERED** that the Plaintiffs identified in Exhibit A are awarded compensatory damages for decedents' pain and suffering in the amount of $2,000,000.00 per estate, as set forth therein; and it is

**ORDERED** that the Plaintiffs identified in Exhibit B are awarded solatium damages as set forth therein; and it is

**ORDERED** that the Plaintiffs receiving economic damages identified in Exhibit A are awarded prejudgment interest of 4.96 percent per annum, compounded annually, running from the date indicated in the "Date of Report" column therein, until the date of judgment; and it is

**ORDERED** that Plaintiffs receiving pain and suffering damages identified in Exhibit A are awarded prejudgment interest of 4.96 percent per annum, compounded annually, running from September 11, 2001 until the date of judgment; and it is

**ORDERED** that the Plaintiffs receiving solatium damages identified in Exhibit B are awarded prejudgment interest of 4.96 percent per annum, compounded annually, running from September 11, 2001 until the date of judgment; and it is

**ORDERED** that the Plaintiffs identified in Exhibits A and B may submit future applications for punitive or other damages at a later date consistent with any future rulings of this Court; and it is

**ORDERED** that Plaintiffs not appearing in Exhibits A and B may submit in later stages applications for damages awards to the extent they have not done so already.

The Clerk of Court is directed to enter partial final default judgment for the Plaintiffs listed in Exhibit A and B. The Clerk of Court is further directed to close the motions at:

- ECF No. 9320 in 03-md-1570,
- ECF No. 279 in 18-cv-5306,
- ECF No. 228 in 18-cv-5320,
- ECF No. 241 in 18-cv-5321,
- ECF No. 210 in 18-cv-5331,
- ECF No. 243 in 18-cv-5339,
- ECF No. 196 in 18-cv-11837,
- ECF No. 217 in 18-cv-11870,
- ECF No. 175 in 18-cv-11875,
- ECF No. 188 in 18-cv-11878,
- ECF No. 205 in 18-cv-12276,
- ECF No. 248 in 18-cv-12277,
- ECF No. 220 in 18-cv-12387,

- ECF No. 150 in 19-cv-11776,

- ECF No. 190 in 19-cv-11865,

- ECF No. 166 in 20-cv-9376,

- ECF No. 153 in 20-cv-10460,

- ECF No. 85 in 21-cv-10239, and

- ECF No. 75 in 22-cv-5193.

Dated: June 17, 2024
      New York, New York

SO ORDERED.

GEORGE B. DANIELS
United States District Judge

# Exhibit A

| Plaintiff | Member Case | Pain & Suffering Damages | Date of Report | Economic Damages | Total Damages |
|---|---|---|---|---|---|
| Dina Doany-Azzam, as Personal Representative of the Estate of Ramzi A. Doany | *DeRubbio* | $2,000,000.00 | 1/1/2020 | $1,157,557.00 | $3,157,557.00 |
| Jane Gyulavary, as Personal Representative of the Estate of Peter Gyulavary | *DeRubbio* | $2,000,000.00 | 1/1/2020 | $2,638,852.00 | $4,638,852.00 |
| Michael James, as Personal Representative of the Estate of Gricelda E. James | *DeRubbio* | $2,000,000.00 | 1/1/2020 | $683,893.00 | $2,683,893.00 |
| Andrea Mowatt, as Personal Representative of the Estate of Damion Mowatt | *Morris* | $2,000,000.00 | 1/1/2020 | $788,962.00 | $2,798,962.00 |
| Roxanne Nedd, as Personal Representative of the Estate of Jerome O. Nedd | *Morris* | $2,000,000.00 | 1/1/2020 | $1,367,777.00 | $3,367,777.00 |
| Sandra Patrocino, as Personal Representative of the Estate of Manuel D. Patrocino | *Morris* | $2,000,000.00 | 4/1/2022 | $1,490,646.00 | $3,490,646.00 |
| Mariana Z. Perez, as Personal Representative of the Estate of Alejo Perez | *Morris* | $2,000,000.00 | N/A | N/A | $2,000,000.00 |
| Haleema Salie, as Personal Representative of the Estate of Rahma Salie | *Morris* | $2,000,000.00 | N/A | N/A | $2,000,000.00 |
| Mansura Shajahan, as Personal Representative of the Estate of Mohammed Shajahan | *Schlissel* | $2,000,000.00 | 1/1/2020 | $3,016,757.00 | $5,016,757.00 |
| Pallavi Shirolkar, as Personal Representative of the Estate of Harshad S. Thatte | *Schlissel* | $2,000,000.00 | 1/1/2020 | $4,151,054.00 | $6,151,054.00 |
| Doreen Thompson, as Personal Representative of the Estate of Vanavah Thompson | *Schlissel* | $2,000,000.00 | 12/1/2022 | $1,506,866.00 | $3,506,866.00 |
| Scarlyn Mejia, as Personal Representative of the Estate of Manuel E. Mejia | *Kamardinova* | $2,000,000.00 | 1/1/2020 | $421,216.00 | $2,421,216.00 |

| Plaintiff | Member Case | Pain & Suffering Damages | Date of Report | Economic Damages | Total Damages |
|---|---|---|---|---|---|
| Alexsandr Melnichenko, as Personal Representative of the Estate of Yelena Melnichenko | *Kamardinova* | $2,000,000.00 | 1/1/2020 | $4,422,805.00 | $6,422,805.00 |
| Amanda Castrillon, as Personal Representative of the Estate of Antonio Montoya | *Kamardinova* | $2,000,000.00 | N/A | N/A | $2,000,000.00 |
| Clara Sanay, as Personal Representative of the Estate of Hugo Sanay | *Ades* | $2,000,000.00 | 1/1/2020 | $796,621.00 | $2,796,621.00 |
| Juana Colon, as Personal Representative of the Estate of Jaime Concepcion | *Abel* | $2,000,000.00 | 1/1/2020 | $1,243,593.00 | $3,243,593.00 |
| Deepa R. Gopu, as Personal Representative of the Estate of Kiran Kumar Reddy Gopu | *Kim* | $2,000,000.00 | 1/1/2020 | $2,132,029.00 | $4,132,029.00 |
| Mercedes Hernandez Molina, as Personal Representative of the Estate of Manuel De Jesus Molina | *Jimenez* | $2,000,000.00 | 1/1/2020 | $3,513,253.00 | $5,513,253.00 |
| Zahro Kamardinova a/k/a Zakhro Kamardinova, as Personal Representative of the Estate of Gavkharoy Kamardinova | *Jimenez* | $2,000,000.00 | N/A | N/A | $2,000,000.00 |
| Bronx Public Administrator, as Personal Representative of the Estate of Antonio Melendez | *Jimenez* | $2,000,000.00 | N/A | N/A | $2,000,000.00 |
| BNY Mellon, as Personal Representative of the Estate of Sophia Addo | *Aamoth* | $2,000,000.00 | 8/1/2021 | $2,133,404.00 | $4,133,404.00 |
| BNY Mellon, as Personal Representative of the Estate of Antonio J. Alvarez | *Aamoth* | $2,000,000.00 | 4/1/2022 | $3,930,183.00 | $5,930,183.00 |
| BNY Mellon, as Personal Representative of the Estate of Luis A. Chimbo | *Aamoth* | $2,000,000.00 | 5/1/2022 | $1,538,381.00 | $3,538,381.00 |
| Jermaine Cook, as Personal Representative of the Estate of Helen Cook | *Aamoth* | $2,000,000.00 | N/A | N/A | $2,000,000.00 |

| Plaintiff | Member Case | Pain & Suffering Damages | Date of Report | Economic Damages | Total Damages |
|---|---|---|---|---|---|
| Charlene Carmen Forde and Stephen M. Fogel, as Co-Personal Representatives of the Estate of Goodwin Orville Forde | *Aamoth* | $2,000,000.00 | N/A | N/A | $2,000,000.00 |
| BNY Mellon, as Personal Representative of the Estate of Wilder A. Gomez | *Aamoth* | $2,000,000.00 | 6/1/2022 | $2,310,555.00 | $4,310,555.00 |
| Nur Miah and Rokshana Miah, as co-Personal Representatives of the Estate of Nurul Miah | *Hemenway* | $2,000,000.00 | N/A | N/A | $2,000,000.00 |
| Edison Salomon as Personal Representative of the Estate of Nolbert Salomon | *Rowenhorst* | $2,000,000.00 | N/A | N/A | $2,000,000.00 |
| Jordanis Theodoridis, as Personal Representative of the Estate of Michael Theodoridis | *Rowenhorst* | $2,000,000.00 | 1/1/2020 | $8,514,726.00 | $10,514,726.00 |
| BNY Mellon, as Personal Representative of the Estate of Martin Morales Zempoaltecatl | *Rowenhorst* | $2,000,000.00 | 4/1/2022 | $1,945,440.00 | $3,945,440.00 |
| Katherine Collier and Andrew Morris, as Co-Personal Representatives of the Estate of Stephen Phillip Morris | *Bodner* | $2,000,000.00 | 9/1/2022 | $6,006,042.00 | $8,006,042.00 |
| Josephine Fink, as Personal Representative of the Estate of Derek Olgilvie Sword | *Bernaerts* | $2,000,000.00 | N/A | N/A | $2,000,000.00 |
| Lidia P. Alverez, as Personal Representative of the Estate of Juan Pablo Alvarez Cisneros | *King* | $2,000,000.00 | N/A | N/A | $2,000,000.00 |
| Gillian Gransaull-Joseph, as Personal Representative of the Estate of Stephen Joseph | *King* | $2,000,000.00 | N/A | N/A | $2,000,000.00 |
| Shweta Khandelwal, as Personal Representative of the Estate of Rajesh Khandelwal | *King* | $2,000,000.00 | N/A | N/A | $2,000,000.00 |

13

| Plaintiff | Member Case | Pain & Suffering Damages | Date of Report | Economic Damages | Total Damages |
|---|---|---|---|---|---|
| Anne Lynn Hayashi, as Personal Representative of the Estate of Stuart (Soo-Jin) Lee | *King* | $2,000,000.00 | N/A | N/A | $2,000,000.00 |
| **TOTAL PAIN & SUFFERING DAMAGES** | | | | | **$72,000,000.00** |
| **TOTAL ECONOMIC DAMAGES** | | | | | **$55,710,612.00** |
| **TOTAL DAMAGES** | | | | | **$127,710,612.00** |

# Exhibit B

| Plaintiff | 9/11 Decedent | Member Case | Relationship | Solatium Damages |
|---|---|---|---|---|
| Elaine Cunnea | Godwin Orville Forde | *DeRubbio* | Sibling | $4,250,000.00 |
| Dorepha Evangeline Forde | Godwin Orville Forde | *DeRubbio* | Parent | $8,500,000.00 |
| Dorna Forde | Godwin Orville Forde | *DeRubbio* | Sibling | $4,250,000.00 |
| Dorolyne Forde | Godwin Orville Forde | *DeRubbio* | Sibling | $4,250,000.00 |
| Raymond Forde | Godwin Orville Forde | *DeRubbio* | Sibling | $4,250,000.00 |
| Myrna Thomas | Godwin Orville Forde | *DeRubbio* | Sibling | $4,250,000.00 |
| Tatiana R. Gomez | Wilder A. Gomez | *DeRubbio* | Spouse | $12,500,000.00 |
| Camille Doany | Ramzi A. Doany | *DeRubbio* | Sibling | $4,250,000.00 |
| Ibrahim Doany | Ramzi A. Doany | *DeRubbio* | Sibling | $4,250,000.00 |
| Jairo Castro | Gricelda E. James | *DeRubbio* | Child | $8,500,000.00 |
| Roberta Agyeman | Sophia Addo | *Agyeman* | Child | $8,500,000.00 |
| Joseph Ameyaw | Sophia Addo | *Agyeman* | Spouse | $12,500,000.00 |
| Filiberta Barragan | Antonio J. Alvarez | *Agyeman* | Spouse | $12,500,000.00 |
| Ana Soria | Luis A. Chimbo | *Agyeman* | Spouse | $12,500,000.00 |
| Luis Chimbo | Luis A. Chimbo | *Agyeman* | Child | $8,500,000.00 |
| Juana Colon | Jaime Concepcion | *Agyeman* | Spouse | $12,500,000.00 |
| Blanca M. Garcia | Helen Cook | *Agyeman* | Sibling | $4,250,000.00 |
| Edson Garcia | Helen Cook | *Agyeman* | Sibling | $4,250,000.00 |
| Keidy Garcia | Helen Cook | *Agyeman* | Sibling | $4,250,000.00 |
| Teoflia Garcia | Helen Cook | *Agyeman* | Parent | $8,500,000.00 |
| William Davidson | Titus Davidson | *Agyeman* | Sibling | $4,250,000.00 |
| Delores (Monica) Akinshara | Titus Davidson | *Agyeman* | Sibling | $4,250,000.00 |
| Janet Davidson | Titus Davidson | *Agyeman* | Sibling | $4,250,000.00 |
| Merna Davidson | Titus Davidson | *Agyeman* | Sibling | $4,250,000.00 |
| Michelle Davidson | Titus Davidson | *Agyeman* | Sibling | $4,250,000.00 |
| Phillip Davidson | Titus Davidson | *Agyeman* | Sibling | $4,250,000.00 |
| Rose Davidson | Titus Davidson | *Agyeman* | Sibling | $4,250,000.00 |
| Sam Davidson | Titus Davidson | *Agyeman* | Sibling | $4,250,000.00 |
| Trevor Davidson | Titus Davidson | *Agyeman* | Sibling | $4,250,000.00 |
| Shirley White | Titus Davidson | *Agyeman* | Sibling | $4,250,000.00 |

| Plaintiff | 9/11 Decedent | Member Case | Relationship | Solatium Damages |
|---|---|---|---|---|
| Deval Mowatt | Damion Mowatt | *Morris* | Sibling | $4,250,000.00 |
| Devon Mowatt | Damion Mowatt | *Morris* | Parent | $8,500,000.00 |
| Keyla Patrocino | Manuel D. Patrocino | *Morris* | Child | $8,500,000.00 |
| Sandra Patrocino | Manuel D. Patrocino | *Morris* | Spouse | $12,500,000.00 |
| Marina Z. Perez | Alejo Perez | *Morris* | Spouse | $12,500,000.00 |
| Afkham Salie | Rahma Salie | *Morris* | Sibling | $4,250,000.00 |
| Haleema Salie | Rahma Salie | *Morris* | Parent | $8,500,000.00 |
| Ysuff Salie | Rahma Salie | *Morris* | Parent | $8,500,000.00 |
| Antoine Salomon | Nolbert Salomon | *Morris* | Parent | $8,500,000.00 |
| Edison Salomon | Nolbert Salomon | *Morris* | Sibling | $4,250,000.00 |
| James Salomon | Nolbert Salomon | *Morris* | Sibling | $4,250,000.00 |
| Clara Sanay | Hugo Sanay | *Morris* | Spouse | $12,500,000.00 |
| Hugo Sanay | Hugo Sanay | *Morris* | Child | $8,500,000.00 |
| Mansura Shajahan | Mohammed Shajahan | *Schlissel* | Spouse | $12,500,000.00 |
| Pallavi Shirolkar | Harshad S. Thatte | *Schlissel* | Spouse | $12,500,000.00 |
| Doreen Thompson | Vanavah Thompson | *Schlissel* | Parent | $8,500,000.00 |
| Bakhtiyar Kamardinova | Gavkharoy Kamardinova | *Kamardinova* | Sibling | $4,250,000.00 |
| Farida Kamardinova | Gavkharoy Kamardinova | *Kamardinova* | Parent | $8,500,000.00 |
| Fotima Kamardinova | Gavkharoy Kamardinova | *Kamardinova* | Sibling | $4,250,000.00 |
| Mukhamet Kamardinova | Gavkharoy Kamardinova | *Kamardinova* | Parent | $8,500,000.00 |
| Zahro Kamardinova | Gavkharoy Kamardinova | *Kamardinova* | Sibling | $4,250,000.00 |
| Zukhra Koragoz | Gavkharoy Kamardinova | *Kamardinova* | Sibling | $4,250,000.00 |
| Amanda Castrillon | Antonio Montoya | *Kamardinova* | Spouse | $12,500,000.00 |
| Jorge Montoya | Antonio Montoya | *Kamardinova* | Child | $8,500,000.00 |
| Hector Guillermo Mejia | Manuel Emilio Mejia | *Kamardinova* | Sibling | $4,250,000.00 |
| Kirsy Concepcion | Jaime Concepcion | *Abel* | Child | $8,500,000.00 |
| Mercedes Concepcion Salazar | Jaime Concepcion | *Abel* | Child | $8,500,000.00 |
| Virginia Concepcion Desoto | Jaime Concepcion | *Abel* | Child | $8,500,000.00 |
| Denzil Davidson | Titus Davidson | *Abel* | Sibling | $4,250,000.00 |
| Noel Davidson | Titus Davidson | *Abel* | Sibling | $4,250,000.00 |

| Plaintiff | 9/11 Decedent | Member Case | Relationship | Solatium Damages |
|---|---|---|---|---|
| Carol Davidson-Simpson | Titus Davidson | *Abel* | Sibling | $4,250,000.00 |
| Evis Jones | Titus Davidson | *Abel* | Sibling | $4,250,000.00 |
| Amy M. Knight | Titus Davidson | *Abel* | Sibling | $4,250,000.00 |
| Paul Gyulavary | Peter Gyulavary | *Kim* | Sibling | $4,250,000.00 |
| Jacobo Castro | Gricelda E. James | *Kim* | Child | $8,500,000.00 |
| Obed Garo | Gricelda E. James | *Kim* | Sibling | $4,250,000.00 |
| Adliakshumma Gopu | Kiran Kumar Reddy Gopu | *Kim* | Parent | $8,500,000.00 |
| Venkata Subba Reddy Gopu | Kiran Kumar Reddy Gopu | *Kim* | Parent | $8,500,000.00 |
| Marco A. Melendez | Antonio Melendez | *Jimenez* | Child | $8,500,000.00 |
| Charlene Carmen Forde | Godwin Orville Forde | *Aamoth* | Child | $8,500,000.00 |
| Romel DaCosta Forde | Godwin Orville Forde | *Aamoth* | Child | $8,500,000.00 |
| Godwin Marlon Junior Forde | Godwin Orville Forde | *Aamoth* | Child | $8,500,000.00 |
| Dolores Lara | Manuel E. Mejia | *Hemenway* | Parent | $8,500,000.00 |
| Jacqueline Mejia Peguero | Manuel E. Mejia | *Hemenway* | Child | $8,500,000.00 |
| Manuel E. Mejia Peguero | Manuel E. Mejia | *Hemenway* | Child | $8,500,000.00 |
| Mirna Huerta Aguirre | Leobardo L. Pascual | *Hemenway* | Spouse | $12,500,000.00 |
| Carmen Yosef Lopez | Leobardo L. Pascual | *Hemenway* | Sibling | $4,250,000.00 |
| Cristobal Lopez | Leobardo L. Pascual | *Hemenway* | Sibling | $4,250,000.00 |
| Lizeth Lopez Huerta | Leobardo L. Pascual | *Hemenway* | Child | $8,500,000.00 |
| Mariela Lopez Huerta | Leobardo L. Pascual | *Hemenway* | Child | $8,500,000.00 |
| Ana Luisa Lopez Pascual | Leobardo L. Pascual | *Hemenway* | Sibling | $4,250,000.00 |
| Elena De La Cruz Lopez Pascual | Leobardo L. Pascual | *Hemenway* | Sibling | $4,250,000.00 |
| Flor Lopez Pascual | Leobardo L. Pascual | *Hemenway* | Sibling | $4,250,000.00 |
| Janet Lopez Pascual | Leobardo L. Pascual | *Hemenway* | Sibling | $4,250,000.00 |
| Manuela Lopez Pascual | Leobardo L. Pascual | *Hemenway* | Sibling | $4,250,000.00 |
| Maria Elvia Lopez Pascual | Leobardo L. Pascual | *Hemenway* | Sibling | $4,250,000.00 |
| Rafael Lopez Pascual | Leobardo L. Pascual | *Hemenway* | Sibling | $4,250,000.00 |
| Raquel Lopez Pascual | Leobardo L. Pascual | *Hemenway* | Sibling | $4,250,000.00 |
| Diego Lopez Reyes | Leobardo L. Pascual | *Hemenway* | Child | $8,500,000.00 |
| Juan Lopez Reyes | Leobardo L. Pascual | *Hemenway* | Child | $8,500,000.00 |

| Plaintiff | 9/11 Decedent | Member Case | Relationship | Solatium Damages |
|---|---|---|---|---|
| Ana Pascual Ortiz | Leobardo L. Pascual | *Hemenway* | Parent | $8,500,000.00 |
| Jordanis Theodoridis | Michael Theodoridis | *Rowenhorst* | Sibling | $4,250,000.00 |
| Margarita Theodoridis | Michael Theodoridis | *Rowenhorst* | Parent | $8,500,000.00 |
| Jordanis Theodoridis, as Personal Representative of the Estate of Constantinos Theodoridis | Michael Theodoridis | *Rowenhorst* | Parent | $8,500,000.00 |
| Tsahai S. Santiago | Vanavah Thompson | *Rowenhorst* | Sibling | $4,250,000.00 |
| Gonzalo Morales | Martin Morales Zempoaltecatl | *Rowenhorst* | Sibling | $4,250,000.00 |
| Benjamin Morales Zempoaltecatl | Martin Morales Zempoaltecatl | *Rowenhorst* | Sibling | $4,250,000.00 |
| Delfino Morales Zempoaltecatl | Martin Morales Zempoaltecatl | *Rowenhorst* | Sibling | $4,250,000.00 |
| Eusebio Morales Zempoaltecatl | Martin Morales Zempoaltecatl | *Rowenhorst* | Sibling | $4,250,000.00 |
| Glafira Morales Zempoaltecatl | Martin Morales Zempoaltecatl | *Rowenhorst* | Sibling | $4,250,000.00 |
| Jose Morales Zempoaltecatl | Martin Morales Zempoaltecatl | *Rowenhorst* | Sibling | $4,250,000.00 |
| Julia Morales Zempoaltecatl | Martin Morales Zempoaltecatl | *Rowenhorst* | Sibling | $4,250,000.00 |
| Maria P.M. Zempoaltecatl Cortez | Martin Morales Zempoaltecatl | *Rowenhorst* | Parent | $8,500,000.00 |
| Luz America Piedrahita Ayala | Wilder Alfredo Gomez | *Aron* | Parent | $8,500,000.00 |
| Jairo Hernan Gomez | Wilder Alfredo Gomez | *Aron* | Sibling | $4,250,000.00 |
| Omar Orlando Gomez | Wilder Alfredo Gomez | *Aron* | Sibling | $4,250,000.00 |
| Walter Osuardo Gomez | Wilder Alfredo Gomez | *Aron* | Sibling | $4,250,000.00 |
| Graeme David Sword | Derek Ogilvie Sword | *Asaro* | Sibling | $4,250,000.00 |
| Irene Ogilvie Sword | Derek Ogilvie Sword | *Asaro* | Parent | $8,500,000.00 |
| David Beaumont Sword | Derek Ogilvie Sword | *Asaro* | Parent | $8,500,000.00 |
| Syed Reehan | Syed Abdul Fatha | *Amato* | Child | $8,500,000.00 |
| Banu Khursheed | Syed Abdul Fatha | *Amato* | Child | $8,500,000.00 |
| Syed Yaseen | Syed Abdul Fatha | *Amato* | Child | $8,500,000.00 |
| Syed Zeeshan | Syed Abdul Fatha | *Amato* | Child | $8,500,000.00 |
| Syed Farhan | Syed Abdul Fatha | *Amato* | Child | $8,500,000.00 |
| Shweta Khandelwal | Rajesh Khandelwal | *King* | Spouse | $12,500,000.00 |
| **TOTAL SOLATIUM DAMAGES** | | | | **$787,250,000.00** |